## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | 2:15-CR-002-RWS-JCF |
| | : | |
| ELMER SWAIN STEWART, | : | |
| | : | |
| Defendant. | : | |

## REPORT and RECOMMENDATION

Defendant Elmer Swain Stewart has filed a Motion For Return Of Seized Property. (Doc. 27). The Government responded, (Doc. 32), but Defendant elected not to reply. This matter is ripe for disposition.

Rule 41(g) governs this issue and provides as follows:

> A person aggrieved by an unlawful search or seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED R. CRIM. P. 41(g). For the Government to retain the property, "it must have and state a legitimate reason for doing so." *United States v. Garcon*, 406 Fed. Appx. 366, 369 (11th Cir. 2010).

1

Having reviewed the submissions of the parties and having been present for the suppression hearing related to this evidence, the undersigned finds that it is not necessary to receive additional evidence to resolve this issue.   In the first place, there is no dispute that the evidence at issue - - some forty boxes of documents - - belongs to Defendant.   (*See* Gov't's Resp., Doc. 32 at 2.)  Also, the parties agree that all the contents of the boxes have been copied, stored electronically, and the contents of the boxes have been returned to Defendant.  (*See* Mot. For Return Of Seized Prop., Doc. 27 at 1 ("Government has completely searched and duplicated the complete contents of the boxes.  At issue are approximately forty boxes of documents")); (Gov't's Resp., Doc. 32 at 2 ("contents of the boxes have been scanned onto a cd and produced to defendant as discovery")).  So the real issue here concerns the boxes, rather than their contents.

The parties make the following arguments.  Defendant's position can be fairly summarized by a single word -- "Mine!"  Those are his boxes, and he wants them back.  (Mot. For Return Of Seized Prop., Doc. 27 at 1 ("[The] boxes belong to Mr. Stewart and contain personal records.  He would like to have them back.")).  The Government's opposition reflects its belief that the boxes have evidentiary or demonstrative value independent of their contents.  It contends Defendant

> represented to his victims that he could obtain the timber rights to tracts of land by submitting sealed bids; that if he obtained the timber rights he could resell the timber rights for a profit; that he needed funds from the victims so that he could submit the sealed bids; and

that if his bids were not accepted, then the victims' money would be refunded to them.

(Govt's Resp., Doc. 32 at 1).  The Government anticipates that at trial investors will testify that funds were provided to be used in the bidding process, and that even though Defendant repeatedly told investors that the bids were not accepted, Defendant actually never submitted any bids at all.  (*Id.* at 1-2).  The Government wishes to bring the boxes into the courtroom at trial, and to have the agent who reviewed the contents of the boxes testify that in those boxes he found absolutely no records related to unsuccessful bids for timber rights.  (*Id.* at 3).  Simply put, the Government hopes to use the boxes to show that Defendant had a significant amount of business documents - - yet none of these were bids for timber rights. Presumably, the Government believes pointing to a wall of boxes will be more compelling than waving a cd in the air when questioning the agent.

At this point the undersigned is not in a position to decide whether the boxes should be allowed in the courtroom for trial.  That decision is rightly reserved to the District Judge who will try the case.  But the Government has articulated an arguable basis for retaining the boxes until time for trial, and that is a "legitimate reason" to deny Defendant's motion.  In the meantime, Defendant has received copies of all the documents within the boxes, and it would appear, based on the Government's proffered reason for keeping the boxes, that the Government

would be amenable to supplying original documents for Defendant's use upon request if that becomes necessary.

In light of the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion For Return Of Seized Property (Doc. 27) be **DENIED.**

**SO RECOMMENDED** this 10th day of December, 2015.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge